IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KEITH D. BREWER                                                                                          PLAINTIFF

5:09CV00336JMM/HLJ

CORRECTIONAL MEDICAL
SERVICES, INC., et al.                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #12). Plaintiff filed a response in opposition to the motion (DE #18).

Plaintiff is an inmate incarcerated at the DeSoto County Jail in Hernando, Mississippi. He filed this action pursuant to 42 U.S.C. § 1983 against defendants while incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). In his complaint, plaintiff alleges defendants violated his Eighth Amendment rights by failing to provide proper medical care and treatment for his bi-polar disorder. Plaintiff asks for monetary relief from defendants.

### II. Summary Judgment Motion

In support of their motion, defendants state that plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Specifically, defendants state plaintiff did not exhaust his ADC administrative remedies by completing the grievance process through appeal to the Deputy Director for Health and Correctional Programs, prior to filing this action. Defendants also attach the affidavit of the Medical Grievance Investigator, Charlotte Gardner, which provides that from December 15, 2008 until November 6, 2009, plaintiff did not exhaust any grievances. DE #13, Ex. B.

In his response, plaintiff states summary judgment is not permissible in this situation, where an inmate is alleging the violation of his civil rights. Plaintiff states defendants are attempting to shield themselves with the PLRA, "that does not have anything to do with them." Plaintiff further states his claim does not concern a prison condition, and therefore, is not subject to the PLRA requirements.

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA,

3

"Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in Jones v. Bock, 549 U.S.199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." The Court in Jones also held that an inmate's exhaustion of some, but not all claims, does not warrant dismissal of the entire action.

The Court also notes that in Porter v. Nussle, 534 U.S. 516 (2002), the inmate plaintiff claimed the PLRA exhaustion requirement did not apply to his claim of excessive force. The Court concluded that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532.

In this particular case, ADC Administrative Directive 07-03 governs the grievance process, and requires the filing of an informal and formal grievance, together with an appeal to the Chief Deputy or Assistant Director. In his complaint, plaintiff stated he did not file a grievance concerning the issue set forth in his complaint and did not completely exhaust the grievance by appealing to all levels within the procedure. See DE #2, p.3. It is clear that plaintiff's allegations against defendants for deliberate indifference to his serious medical needs apply to general

4

circumstances or particular episodes while he was incarcerated, and therefore, fall within the exhaustion requirement of the PLRA. Given that no dispute of fact exists concerning plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit, the Court finds defendants' motion should be granted. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #12) is GRANTED, and plaintiff's complaint against defendants is DISMISSED.

IT IS FURTHER ORDERED that all other pending motions are hereby DENIED as moot.

IT IS SO ORDERED this 22nd day of January, 2010.

_____
United States Magistrate Judge